UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERIC J. LESANE,

                                          Plaintiff,

-against-

CITY OF NEW YORK, CORRECTIONS OFFICER
LATTA, DEPUTY WARDEN MILLER, JOHN DOE
1 AND 2, FICTITIOUS NAMES FOR UNKNOWN
EMPLOYEES OF THE NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

                                          Defendants.
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

09 CV 10088 (SAS) (DCF)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 10, 2009, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **WHEREAS,** plaintiff ERIC LESANE has authorized his counsel to settle this matter on the terms enumerated below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against the defendants, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2.     The City of New York hereby agrees to pay plaintiff, ERIC LESANE, the sum of EIGHTEEN THOUSAND DOLLARS ($18,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants, and any present or former employees or agents of the City of New York, from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff arising out of the events alleged in the complaint and the amended complaint in this action, including claims for costs, expenses and attorney's fees.

3.     Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendant that in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2010

Jay Goldberg, Esq.
Attorney for Plaintiff
Goldberg & Allen, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366

By: _____
Jay Goldberg, Esq.
Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Rm. 3-142
New York, New York 10007
(212) 788-0988

By: _____
Brian Francolla
Assistant Corporation Counsel

SO ORDERED:

Dated: New York, New York
_____, 2010

_____
HON. SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

3